**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **John Barnett** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 1:20-cv-00280** |
| | § | |
| **Stafford Transport of Louisiana d/b/a** | § | |
| **Custom Ecology Inc** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT CEI'S**
**EMERGENCY MOTION FOR PROTECTIVE ORDER**

COMES NOW John Barnett, Plaintiff and files this Response to Defendant CEI's Emergency Motion for Protective Order and would show unto the Court the following:

## I. Discovery History.

1. To date, written discovery has been exchanged and three depositions have been taken: (1) John Barnett, (2) Kim Barnett, and (3) Jennifer Lyles.

2. Additionally, the following depositions are noticed: CEI's Corporate Representative, Cecilia Hoffpauir, Charles Veazie, Corey (last name unknown), Dirk Lockhart, Joe LaRocca, John Stanley, and Thomas Wallace.

3. The discovery deadline in the Court's scheduling order is June 18, 2021.

## II. Summary of the Issue

4. CEI filed a Motion for Protective Order to limit the topics of its corporate representative's deposition. Prior to the filing of CEI's Motion, the two parties met and conferred multiple times in an attempt to narrow down the issues of the 30(b)(6) deposition. Based on those conversations, some topics were limited and removed in their entirety from the deposition notice. The remaining topics that CEI takes issue with are the subject of CEI's Motion.

## III. Factual Background.

5. On April 10, 2020, Plaintiff was working in the course and scope of his employment for Waste Management. (Waste Management is a subscriber to the Worker's Compensation program). Waste Management operates a landfill in Newton County, Texas. CEI regularly hauls trash / debris in 18-wheeler dump trailers from Louisiana to the Newton County Waste Management Facility. One of CEI's drivers is Jennifer Lyles. Defendant Lyles was working in the course and scope of her employment for CEI when this incident occurred.

6. On the day of the incident, Ms. Lyles attempted to dump a load of trash / debris at the Newton County Waste Management dump. Before attempting to dump the load of trash / debris, CEI drivers must unhook two chains that hold the back-dump gate of the trailer closed. Defendant Lyles forgot to unhook one of the two chains and "tipped" her trailer two times trying to unload the trash / debris. The still-connected chain held the back-dump gate closed, and the weight of the trash / debris was pushed up against the back-dump gate, creating immense pressure on the gate.

7. After realizing that one of the two chains was not unhooked, Defendant Lyles lowered the trailer and requested the assistance of Waste Management employees, namely Plaintiff, to assist her in removing the remaining chain so she could dump her trailer. Defendant Lyles never informed Plaintiff that she tipped the trailer twice with the chain still hooked, and she never informed him that the entire weight of the trash / debris was creating pressure against the back-dump gate of the trailer.

8. Plaintiff cut the chain with a pair of bolt cutters. When the chain was cut, the pressure on the gate from the trash / debris caused the gate to spring open and hit Plaintiff in the face. The force of the blow caused Plaintiff's body to be lifted in the air and fall into an approximately (10) ten feet deep hole where his body landed on an air conditioning unit.

9. The blow to the face caused severe injuries including widespread facial fractures, traumatic injuries to his brain, and injuries to his spine and extremities. Mr. Barnett is still receiving treatment for these injuries and has been unable to return to work.

10. Lyles testified during her deposition that CEI drivers are solely responsible for the following actions at the Newton County landfill:

a. Driving the truck and trailer to the tipper;

b. Untarping the load;

c. Unchaining the dump gate;

d. Putting the trailer on the tipper;

e. Disconnecting the tractor from the trailer;

f. Ensuring the load is ready to be tipped, which includes taking off the tarp and chains;

g. Operating the tipper, which includes raising the tipper, emptying the contents of the trailer and lowering the tipper;

h. Reconnecting the tractor to the trailer and driving the trailer off the tipper; and

i. Deciding how any issues with the chain would be addressed, who would help, and whether the help should have been stopped.[1]

11. CEI drivers have a responsibility to perform the above actions safely.[2] Additionally, only CEI drivers are permitted to touch CEI equipment unless the CEI driver consents.[3] The only time a non-CEI employee would ever touch a CEI dump gate chain would be because a CEI driver requested help or gave permission.[4]

---

[1] Exhibit A: Lyles Deposition, pages 130-131; and 259.

[2] Exhibit A: at 130-132.

[3] *Id.*

[4] *Id.*

12. Regarding training received by Lyles from CEI, she testified that:

a) She attended two safety meetings during her tenure with CEI and none of the safety meetings dealt with "tipper" safety.[5]

b) She was never trained on how to safely de-pressurize a gate using other equipment.[6]

c) She was never trained on how to safely cut a chain in a situation like the one on the day of the incident.[7]

d) The only way to cut a chain is with a grinder or bolt cutters. Lyles was never trained on how to use a grinder to cut a chain and did not know how to use one. She was also not strong enough to use bolt cutters.[8]

## IV. Corporate Representative Deposition Topics and Attempts to Resolve Issues.

13. Plaintiff first noticed CEI's corporate representative deposition on February 3, 2021.[9] This first deposition notice included (5) five topics. After speaking numerous times with opposing counsel, no agreement was reached to limit the topics.

14. CEI filed a Motion to Quash and in the alternative a Motion for Protective Order on February 11, 2021. CEI's Motion was rejected by the Clerk for failure to include a Certificate of Conference. After reviewing CEI's rejected Motion, Plaintiff made the decision to limit some topics and add additional topics in conjunction with some of the cases cited to by CEI. For this reason, Plaintiff served a First Amended Deposition Notice on February 15, 2021.[10]

---

[5] Exhibit A at 142.

[6] Exhibit A at 155 and 276.

[7] Exhibit A at 157.

[8] Exhibit A at 159, 245, and 268.

[9] Exhibit B: Plaintiff's Deposition Notice of CEI's Corporate Representative.

[10] Exhibit C: Plaintiff's First Amended Deposition Notice of CEI's Corporate Representative.

15. After further discussions with opposing counsel, Plaintiff agreed to make further concessions to some of the topics in the First Amended Deposition notice. For this reason, Plaintiff served a Second Amended Deposition Notice on February 15, 2021.[11] After further discussions with opposing counsel, the listed topics were further limited and a Third Amended Deposition Notice was sent on February 17, 2021.[12] The disputed topics in CEI's Motion are:

**Topic 1**: The incident made the basis of this suit, including the facts regarding it and any investigation into it.

**Topic 7**: Contracts or agreements entered into by Defendant CEI pertaining to the Newton County, Texas Waste Management landfill where this incident occurred that were in effect on the date of the incident.

**Topic 9**: CEI's efforts made to respond to Plaintiff's written discovery requests and the responses and answers given to such requests.

**Topic 10**: Any and all assistance or direction given to Defendant Lyles from CEI in responding to Plaintiff's discovery requests and the responses and answers given by her to such requests.

## V. Authority and Argument.

### *A. Topic 1: The incident made the basis of this suit, including the facts regarding it and any investigation into it.*

16. CEI takes issue with Topic 1 because (1) it is not specific enough, (2) it seeks information protected under the attorney / client privilege and or information prepared in anticipation of litigation, and (3) it is duplicative of other discovery and more appropriate for a fact witness deposition. Plaintiff will address each argument below.

17. First, CEI argues Topic 1 is overly broad. There is a fine line in describing a topic with reasonable particularity and a party being required to describe a topic with such specificity that it invades an attorney's core work product. CEI cites to the *Hartford* case to support its position. In

[11] Exhibit D: Plaintiff's Second Amended Deposition Notice of CEI's Corporate Representative.

[12] Exhibit E: Plaintiff's Third Amended Deposition Notice of CEI's Corporate Representative.

that case, the defendant noticed a Rule 30(b)(6) deposition with the following topic: "any financial information received or requested from the defendant as well as the plaintiffs review of such documents."[13] The *Hartford* court held that the topic did not satisfy the reasonable particularity requirement because it did not contain a temporal limitation.[14]

18. The same cannot be said for Topic 1 in this case. Here, Topic 1 is limited to the incident made the basis of this suit, including the facts regarding it and any investigation into it. Unlike in *Hartford*, Plaintiff's Topic 1 is temporally limited and described with reasonable particularity.

19. CEI also takes issue with Plaintiff seeking CEI's "position" regarding the incident and the investigation. However, this is the very purpose of a Rule 30(b)(6) deposition.

> Obviously, it is not literally possible to take the deposition of a corporation; instead, ... the information sought must be obtained from natural persons who can speak for the corporation." **Thus, a rule 30(b)(6) designee does not give his personal opinions but presents the corporation's "position" on the topic**. When a corporation produces an employee pursuant to a rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions.[15]

20. Plaintiff does want CEI's position on the incident, the investigation, its subjective beliefs, and any opinions it formed as a result of the incident or its investigation. This is the very point of taking a Rule 30(b)(6) deposition.

21. CEI's second argument pushes the bounds of the attorney client and work product privileges. The *Dennis* court (also cited to by CEI) was faced with a similar argument. That court reasoned:

---

[13] *Hartford Fire Ins. Co. v. P & H Cattle Co., Inc.*, CIV.A. 05-2001-DJW, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009).

[14] *Id*.

[15] *Dennis v. United States*, 3:16-CV-3148-G-BN, 2017 WL 4778708, at *9 (N.D. Tex. Oct. 23, 2017).

> Likewise, "while, in general, investigative reports prepared by the party's attorney are protected by the work-product doctrine (which is governed by federal law), **a corporate representative cannot be instructed not to answer a question seeking factual information within a designated topic for Rule 30(b)(6) testimony simply because the corporate representative learned the information from an attorney who gathered the information in anticipation of litigation or for trial**. The attorney's investigation and the manner in which he or she gathered and organized and analyzed the information and presented it to the corporate representative may itself be protected work product, but the underlying factual information itself remains discoverable through the corporate representative's testimony. **Where the deponent is asked only about facts that are responsive to the noticed deposition topics, testifying to the underlying facts and that the deponent learned a fact from the company's attorney—without more—does not impermissibly reveal protected attorney work product, including the attorney's mental processes, impressions, conclusions, opinions, or legal theories**."[16]

22. The fact that opposing counsel assisted in the investigation is of no consequence because a corporate representative is still obligated to answer questions about facts that are responsive to the noticed topic. The fact that the corporate representative may have learned of those facts from opposing counsel does not implicate the attorney client or work product privileges.

23. Additionally, CEI's argument that the topic is not limited to information within the company's direct knowledge is misplaced. By CEI's own admission, it conducted an investigation into this incident. CEI now has an obligation to produce a corporate representative to testify concerning that investigation. Moreover, CEI has a responsibility to present and prepare a Rule 30(b)(6) designee to the extent matters are reasonably available, *whether from documents, past employees, or other sources*.[17]

24. Third, Defendant's "more appropriate for a fact witness" argument is misplaced. In *Dennis*, the defendant sought protection from a deposition topic. The *Dennis* defendant argued

---

[16] *Dennis v. United States*, 3:16-CV-3148-G-BN, 2017 WL 4778708, at *9 (N.D. Tex. Oct. 23, 2017); citing *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110-P, 2015 WL 11120526, at *7 (N.D. Tex. July 15, 2015) (citations omitted).

[17] *Dennis v. United States*, 3:16-CV-3148-G-BN, 2017 WL 4778708, at *9 (N.D. Tex. Oct. 23, 2017).

that the topics noticed in the corporate representative's deposition were better situated for a fact witness. The *Dennis* court rejected that argument holding:

> Ms. Dennis is not limited to deposing as fact witnesses only a few health care professionals involved, nor is she "obligated to depose a string of hospital employees, none of whom is able to speak for the hospital as to how the incident or incidents in question occurred, nor indeed is a 30(b)(6) requesting party limited to conducting her factual inquiry via interrogatories.

25. Just like the *Dennis* defendant, CEI seeks to require Plaintiff to depose "a string of CEI employees, none of whom are able to speak for CEI." For the same reasons articulated by the *Dennis* court, CEI's argument is misplaced.

***B. <u>Topic 7</u>: Contracts or agreements entered into by Defendant CEI pertaining to the Newton County, Texas Waste Management landfill where this incident occurred that were in effect on the date of the incident.***

26. CEI takes issue with Topic 7 because (1) the topic is over broad, (2) no provision in the CEI / Waste Management contract deals with operation of the tipper, (3) the contract does not contain a third-party beneficiary designation, and (4) the terms of the contract speak for themselves. Plaintiff will address each argument below.

27. First, CEI argues that this topic is over broad because it is not limited in time or scope. This is not true. In Plaintiff's Third Amended Deposition Notice, the topic is specifically limited to "contracts or agreements…..*that were in effect on the date of the incident*." In short, Topic 7 is specifically limited in time and scope in coherence with CEI's request in its Motion.

28. Additionally, CEI seeks to raise the bar regarding the "reasonable particularity" requirement. CEI argues that Topic 7 should be narrowed to "exactly what information is being sought about the contract." However, CEI cites to no case to support this position. Every case cited to by CEI uses the "reasonable particularity" standard. There simply is no requirement that a Rule 30(b)(6) deposition topic be revealed with the level of exactness that CEI requests.

29. Second, CEI argues that the contract does not deal with the operation of the tipper. CEI's representation is misleading. There is a contract between CEI and Waste Management (WM) that was in effect at the time of this incident. In that contract, CEI agrees to perform services (services is a defined term in the contract) for WM that include hauling various materials, trash, and debris from Louisiana to the Newton County landfill in Texas. Importantly, the contract indicates that the service is not complete until the material is removed from the trailer.

30. The contract further provides that CEI employees are responsible for operating equipment in a safe manner. The word "equipment" is a defined term in the contract. The word "equipment" in the contract means tractors, trailers, and other vehicles and equipment used to perform services. In this case, the tipper is the equipment used to remove the trash from the trailer. To argue that the contract does not control operation of the tipper because it does not use the word tipper is not consistent with a plain reading of the contract.

31. Third, CEI argues the contract is not relevant because Plaintiff is not a beneficiary of the contract. This is a red herring. Plaintiff does not have to be a "beneficiary" of the contract for it to be relevant in this case.

32. Fourth, CEI argues that the terms of the contract speak for themselves, the individual that executed the contract no longer works for CEI, only the Court can interpret a contract, and the contract is only relevant in a breach of contract context. CEI is wrong on all counts.

33. The obligations that CEI owed to WM are so intertwined in this case that Plaintiff is permitted to learn CEI's position on its interpretation of the contract. For instance, the contract indicates that CEI has an obligation to work in a safe manner. Plaintiff is entitled to know what CEI understands that term to mean. CEI's answer to such a question is likely to reveal evidence that could support Plaintiff's argument that CEI owed Plaintiff a duty and it breached that duty.

34. CEI next seeks to avoid Topic 7 by arguing that the person that executed the contract no longer works for CEI. The rule set out in *Dennis* is that CEI has a responsibility to present and prepare a Rule 30(b)(6) designee to the extent matters are reasonably available, *whether from documents, past employees, or other sources*.[18]

35. CEI next argues that only the Court can interpret the contract. CEI provides no authority to support this position. In fact, Plaintiff presumes that both CEI and WM interpreted the terms of the contract before signing the contract and routinely interpret the contract to ensure that it is being complied with.

36. Finally, CEI argues that the terms of the contract are only relevant in a breach of contract case. Again, CEI does not cite to any authority to support its position. A contract between a tortfeasor and the plaintiff's employer in a negligence action is relevant to show who was responsible for what services and how the services should have been performed. For instance, in this case, one of the core issues is going to be whether it was reasonable for CEI to request WM assistance to cut the chain. In fact, opposing counsel pursued a line of questions during Plaintiff's deposition regarding this topic.[19] The contract speaks to that very issue. Not only is Plaintiff entitled to learn what CEI's position is regarding its obligations under the contract, but testimony regarding such will help to clarify the issue.

***C. <u>Topic 9</u>: CEI's efforts made to respond to Plaintiff's written discovery requests and the responses and answers given to such requests.***

***<u>Topic 10</u>: Any and all assistance or direction given to Defendant Lyles from CEI in responding to Plaintiff's discovery requests and the responses and answers given by her to such requests.***

---

[18] *Dennis v. United States*, 3:16-CV-3148-G-BN, 2017 WL 4778708, at *9 (N.D. Tex. Oct. 23, 2017).

[19] Exhibit F: John Barnett Deposition, page 113-114.

37. Opposing Counsel does not seek protection from these topics and only notes them to indicate CEI intends on objecting should any questions under this topic call for information protected under the attorney-client privilege. There are certainly questions that could be asked under these topics that might warrant such an objection. However, there is also non-privileged information that could be obtained under these topics. If there is a dispute during the deposition whether a question calls for privileged information, then Plaintiff will utilize the "discovery hotline" in accordance with the Local Rules.

## VI. Miscellaneous Arguments made by CEI.

***A. The only purpose of Plaintiff's Rule 30(b)(6) Motion is to develop theories of direct negligence against CEI or unsupported theories of gross negligence.***

38. Unless otherwise limited by court order, ... parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."[20]

39. Throughout discovery, CEI has attempted to avoid discovery by taking the position that Plaintiff's direct negligence claims against CEI are not permitted under Texas law. Plaintiff disagrees. (The merits of CEI's position are not at issue with this filing and will not be addressed here.) Regardless of the validity of CEI's position, Plaintiff still has an active direct negligence claim against CEI for which Plaintiff is entitled to conduct discovery on.

---

[20] Fed. R. Civ. P. 26(b)(1); *accord Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015).

40. Additionally, assuming that CEI's position is correct, and Plaintiff's claims against CEI are limited to a gross negligence claim, then the corporate representative deposition should be permitted to seek discovery regarding CEI's gross negligence. CEI argues that Plaintiff's gross negligence cause of action is unsupported. Respectfully, labeling a cause of action as "unsupported" in the beginning stages of discovery is premature. Generally, a party is permitted to conduct complete discovery before a cause of action is labeled "unsupported."

## VII. Conclusion.

41. Plaintiff respectfully requests that the Court DENY CEI's Motion for Protective Order and Order CEI to provide a corporate representative to testify concerning all of the topics set out in Plaintiff's Third Amended Deposition Notice.

Respectfully submitted,

**THE DAWS LAW FIRM**

/s/ *Malachi Daws*
**MALACHI DAWS**
State Bar No. 24082904
**JUDSON DAWS**
State Bar No.: 24101682
4055 Dowlen Road
Beaumont, TX 77706
P: (409) 838-6000
F: (409) 838-6003
E: mdaws@dawslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Discovery has been forwarded to the following counsel of record on this 18th day of February 2020, pursuant to the FEDERAL RULES OF CIVIL PROCEDURE:

/s/ *Malachi Daws*
**MALACHI DAWS**

**JEN A. O'CONNELL**
4041 Essen Lane, Suite 500
Baton Rouge, Louisiana
70809 Ph.: 225-387-9888
Fax: 225-387-9886
E-Mail: joconnell@twpdlaw.com
**ATTORNEYS FOR STAFFORD TRANSPORT OF LOUISIANA D/B/A CUSTOM ECOLOGY INC.**

*Via Email: joconnell@twpdlaw.com*