**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| JOHN BARNETT,<br><br>Plaintiff,<br><br>*versus*<br><br>STAFFORD TRANSPORT OF LOUISIANA d/b/a/ CUSTOM ECOLOGY INC, and JENNIFER LYLES<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:20-CV-280 |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Stafford Transport of Louisiana d/b/a Custom Ecology Inc.'s ("CEI") Emergency Motion for Protective Order Regarding Rule 30(b)(6) Notice (#23). Plaintiff John Barnett ("Barnett") filed a response (#29) opposing the motion. Having considered the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I. Background

Barnett claims that on April 10, 2020, he was injured when he attempted to assist Defendant Jennifer Lyles ("Lyles"), CEI's employee, with unloading CEI's 18-wheeler dump trailer at the landfill where Barnett worked. Specifically, Barnett asserts that as he attempted to cut a chain that prevented the back door of the trailer from opening, pressure from the debris inside the trailer caused the door to slam open and hit him in the face. Barnett alleges that the blow sent him flying into a ten-foot-deep hole, where he landed on an air conditioning unit. Barnett filed suit, asserting that CEI was negligent through its own actions as well as those of its

employee, Lyles. In Barnett's First Amended Complaint, he claims that CEI was negligent[1] by: (1) failing to maintain its trailer in a reasonable working manner so that it could be operated safely and without the need for cutting chains; (2) failing to train and supervise its drivers on proper tipper offloading procedures and the potential dangers associated with failed tipping attempts; (3) failing to provide its employees with proper equipment; and (4) failing to train and supervise its drivers regarding how to safely remove and/or cut a chain under the circumstances of two prior failed tipping attempts.

On February 3, 2021, Barnett noticed CEI's corporate representative for deposition. CEI filed its Motion to Quash (#22), which was stricken by the Clerk for failing to include a certificate of conference. Subsequently, after conversations between counsel, Barnett amended his deposition notice three times, sending his Third Amended Deposition Notice to CEI on February 17, 2021. That same day, CEI filed its motion for a protective order.

In the instant motion, CEI seeks to limit the deposition of its corporate representative. Specifically, CEI objects to the following topics:

> 1. The incident made the basis of this suit, including the facts regarding it and any investigation into it.
>
> …
>
> 7. Contracts or agreements entered into by Defendant CEI pertaining to the Newton County, Texas[,] Waste Management landfill where this incident occurred that were in effect on the date of the incident.
>
> …

[1] CEI appears to argue that Barnett cannot assert that CEI was directly negligent because CEI has admitted that it is vicariously liable for Lyles's actions. This assertion has not been presented to the court for consideration through either a motion to dismiss or a motion for summary judgment. Further, the parties have failed to present—and the court is unaware of any—legal authority for such a premise. Therefore, the court will not consider this issue at this time.

9. CEI's efforts made to respond to Plaintiff's written discovery requests and the responses and answers given to such requests.

10. Any and all assistance or direction given to Defendant Lyles from CEI in responding to Plaintiff's discovery requests and the responses and answers given by her to such requests.

## II. Analysis

Pursuant to Federal Rule of Civil Procedure 26(b)(1):

> Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil cases." *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *accord Torrey v. Infectious Diseases Soc'y of Am.*, 334 F.R.D. 79, 83 (E.D. Tex. 2019). "The control of discovery is committed to the sound discretion of the trial court." *Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859, 872 (5th Cir. 2018) (quoting *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986))); *accord Freeman v. United States*, 556 F.3d 326, 341 (5th Cir.), *cert. denied*, 558 U.S. 826 (2009). District courts have wide discretion to determine the scope of discovery. *See Cruz v. Maverick Cnty.*, 957 F.3d 563, 570 (5th Cir. 2020); *Shumpert v. City of Tupelo*, 905 F.3d 310, 326 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1211 (2019). At the discovery stage, relevancy is broadly construed, and information is considered relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could

bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *accord Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606 (W.D. Tex. 2019); *but see Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*, No. 2:15-CV-512-WCB, 2017 WL 319064, at *4 n.4 (E.D. Tex. Jan. 23, 2017) (noting that "Rule 26 was amended to delete from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence' because '[t]he phrase has been used by some, incorrectly, to define the scope of discovery' and 'has continued to create problems' given its ability to 'swallow any other limitation on the scope of discovery.'" (quoting FED. R. CIV. P. 26 advisory committee's note to 2015 amendment)).

In order for information to be discoverable, it "must be both relevant and proportional to the needs of the case—which are related but distinct requirements." *Zenith Ins. Co. v. Tex. Inst. for Surgery, L.L.P.*, 328 F.R.D. 153, 161 (N.D. Tex. 2018) (quoting *Samsung Elecs. Am., Inc. v. Chung Yang Kun*, 321 F.R.D. 250, 279 (N.D. Tex. 2017)); *see Gilby v. Hughs*, No. 1:19-CV-01063-LY, 2020 WL 3958479, at *1 (W.D. Tex. July 10, 2020) (citing FED. R. CIV. P. 26(b)(1)). "To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value." *Zenith Ins. Co.*, 328 F.R.D. at 161 (quoting *Samsung Elecs. Am., Inc.*, 321 F.R.D. at 280). The party resisting discovery has the burden to show specifically how each discovery request at issue is not relevant or is overly broad, unduly burdensome, or oppressive. *English v. Tex. Farm Bureau Bus. Corp.*, No. 617CV00323-ADA-JCM, 2020 WL 2764625, at *1 (W.D. Tex. May 27, 2020); *Samsung Elecs. Am., Inc.*, 321 F.R.D. at 284 (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Moreover, "[t]he burden is on the party resisting

discovery to establish the discovery is not proportional." *Hall v. Rent-A-Center, Inc.*, Civ. A. No. 4:16cv978, 2018 WL 4293141, at *3 (E.D. Tex. Aug. 31, 2018).

"Counsel have an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Rule 26(c) of the Federal Rules of Civil Procedure allows "[a] party or any person from whom discovery is sought [to] move for a protective order in the court where the action is pending . . . ." FED. R. CIV. P. 26(c)(1). The court may, for good cause, issue such an order protecting a party "from annoyance, embarrassment, oppression, or undue burden or expense," by forbidding discovery, limiting the scope of discovery, or prescribing the time, place, and manner of discovery. *Id.* The burden is on the movant to show the necessity of a protective order, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)). "District courts have broad discretion in determining whether to grant a motion for a protective order." *In re LeBlanc*, 559 F. App'x 389, 393 (5th Cir. 2014) (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985)); *Balcacer v. Sam's E. Club Inc*, No. 4:19-CV-03840, 2020 WL 1934851, at *2 (S.D. Tex. Apr. 22, 2020).

Rule 30(b)(6) of the Federal Rules of Civil Procedure "allows parties to obtain testimony from a corporation, provided the party describes with reasonable particularity the matters for examination." *Woodward v. Lopinto*, No. CV 18-4236, 2020 WL 3960396, at *3 (E.D. La. July

13, 2020) (quoting *Mike Hooks Dredging Co. v. Eckstein Marine Serv., Inc.*, No. CIV.A. 08-3945, 2011 WL 2559821, at *1 (E.D. La. June 28, 2011)); *accord Medina v. Parkside Lending LLC*, No. A-19-CV-109-RP, 2021 WL 38189, at *2 (W.D. Tex. Jan. 5, 2021). The rule states:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

FED. R. CIV. P. 30(b)(6).

"The deponent has a duty to make a good-faith effort to designate a knowledgeable representative and to prepare the representative so he can fully, completely, and unevasively answer questions about all of the noticed topics." *Omega Hosp., LLC v. Cmty. Ins. Co.*, 310 F.R.D. 319, 322 (E.D. La. 2015) (citing *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006)); *accord REC Marine Logistics, LLC v. Richard*, No. CV 19-11149, 2020 WL 2508006, at *2 (E.D. La. May 15, 2020), *appeal dismissed sub nom. REC Marine Logistics, L.L.C. v. Richard*, 829 F. App'x 51 (5th Cir. 2020). "If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *ADR Tr. Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993); *see Richard*, 2020 WL 1527766, at *6; *Robinson v. Nexion Health at Terrell, Inc.*, 312 F.R.D. 438, 441 (N.D. Tex. 2014); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 143 (E.D. Tex. 2003). "The test for reasonable particularity is whether the request places the party upon

'reasonable notice of what is called for and what is not.'" *Alvey v. State Farm Fire & Cas. Co.*, No. 517CV00023TBRLLK, 2018 WL 826379, at *7 (W.D. Ky. Feb. 9, 2018) (quoting *St. Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000)); *see Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018) (applying the same test in the similar Rule 34(b) context).

A. Topic 1

CEI first objects to Topic 1 of Barnett's Third Amended Notice on the grounds that it is (1) overly broad, (2) not sufficiently limited to information within the company's direct knowledge, and (3) duplicative of other discovery. The topic, which includes the facts and investigations related to the incident that serves as the basis of this suit, is not overly broad. In his Amended Complaint, Barnett asserts that CEI was itself negligent. Accordingly, CEI's knowledge of the events and subsequent investigation is highly relevant to the issue of its negligence. Moreover, the request puts CEI on notice "of what is called for and what is not." *See Alvey*, 2018 WL 826379, at *7. Accordingly, Barnett's Topic 1 is not overly broad.

CEI asserts that Topic 1 seeks information outside of the direct knowledge of the corporation. Rule 30(b)(6), however, expressly states that the corporate representative "must testify about information known or *reasonably available* to the organization." FED. R. CIV. P. 30(b)(6). Contrary to CEI's assertions, the scope of the deposition is not limited to only what is within the direct knowledge of the corporation.

CEI also appears to object that the request encroaches on attorney-client privilege. A corporate representative, however, "cannot be instructed not to answer a question seeking factual information within a designated topic for Rule 30(b)(6) testimony simply because the corporate

representative learned the information from an attorney who gathered the information in anticipation of litigation or for trial." *Orchestratehr, Inc. v. Trombetta*, No. 3:13-CV-2110-P, 2015 WL 11120526, at *7 (N.D. Tex. July 15, 2015). Thus, "[w]here the deponent is asked only about facts that are responsive to the noticed deposition topics, testifying to the underlying facts and that the deponent learned a fact from the company's attorney—without more—does not impermissibly reveal protected attorney work product, including the attorney's mental processes, impressions, conclusions, opinions, or legal theories." *Id.* As long as Barnett adheres to these guidelines, he will not violate the attorney-client privilege. In any event, if counsel for CEI believes that a question at the deposition encroaches on attorney-client privilege, he or she may assert the privilege and use the appropriate discovery tools to resolve any disputes that arise.[2]

Finally, CEI objects that Topic 1 is "duplicative of other discovery." Specifically, CEI points to the deposition of Lyles, CEI's employee who allegedly caused the incident, arguing without support that Barnett should be barred from deposing both CEI's corporate representative and Lyles. Rule 30(b)(6) entitles an opposing party to depose a designee of a corporate party. In no way is this limited by a party's choice to depose other employees of the corporation, and CEI has failed to demonstrate otherwise. Thus, CEI's contention that Topic 1 is duplicative of other discovery is not germane to the court's analysis.

[2] CEI brings Topics 9 and 10 of Barnett's Third Amended Notice to the court's attention and notes that CEI "does not seek protection from these topics and only notes them to indicate CEI intends on objection should any questions under this topic call for information protected under the attorney-client privilege." Again, counsel for CEI may assert the attorney-client privilege during the deposition if deemed warranted, and the parties may use the appropriate discovery tools to resolve any disputes that arise during the deposition, including the court's Emergency Discovery Hotline.

B. Topic 7

Next, CEI objects to Topic 7 of Barnett's Third Amended Notice on the grounds that (1) it is overly broad and irrelevant, (2) it does not implicate Barnett, and (3) the terms of the contract speak for themselves. The court finds that Barnett's inquiry is limited to the contracts in effect at the time of the incident and, thus, is not over broad. Even though Barnett may not be a beneficiary of the contract or able to enforce it as CEI asserts, this does not render discovery about the contract irrelevant. If, as Barnett asserts, the contract encompasses Lyle's responsibilities at the time of the incident, the contract may be relevant or otherwise lead to relevant evidence. Information regarding the applicable contracts is, therefore, relevant, and the request puts CEI on notice "of what is called for and what is not." *See Alvey*, 2018 WL 826379, at *7. Accordingly, Barnett's Topic 7 is not overly broad or irrelevant, and whether Barnett is a beneficiary of the contract is of no consequence.

CEI also asserts that its corporate representative should not have to testify regarding the contract because the terms of the contract are sufficient, the individual who executed the contract no longer works for CEI, and it is the court's responsibility to interpret a contract. CEI's argument, however, misses the mark. Rule 30(b)(6) gives a party the right to depose a representative of a corporate opponent to determine the corporation's position on the issues. *Brazos River Auth.*, 469 F.3d at 433 ("[A] rule 30(b)(6) designee does not give his personal opinions, but presents the corporation's 'position' on the topic."); *accord Glob. Energy Servs., Inc. v. US Applicators*, LLC, No. CV 18-512-JWD-EWD, 2020 WL 1466221, at *2 (M.D. La. Mar. 26, 2020). While the court may ultimately be responsible for contract interpretation, CEI's understanding of the contract and its application to CEI's operations is an appropriate line of

questioning for a corporate representative. Further, CEI has a responsibility to testify about information reasonably available to CEI, including from past employees. *Brazos River Auth.*, 469 F.3d at 433 ("The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources."); *accord Richard*, 2020 WL 2508006, at *2. Accordingly, Topic 7 is a permissible area of inquiry at the deposition of CEI's corporate representative.

III. Conclusion

Consistent with the foregoing analysis, CEI's Emergency Motion for Protective Order Regarding Rule 30(b)(6) Notice (#23) is DENIED.

SIGNED at Beaumont, Texas, this 8th day of March, 2021.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE