UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN BARNETT | * CIVIL ACTION NO.: 1:20-cv-00280 |
| | * |
| | * JUDGE: MARCIA A. CRONE |
| VERSUS | * |
| | * MAG. JUDGE: |
| | * |
| STAFFORD TRANSPORT OF | * |
| LOUISIANA D/B/A CUSTOM ECOLOGY | * |
| INC AND JENNIFER LYLES | * JURY TRIAL |
| | * |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 56(D) REQUEST**

*May it Please the Court:*

**STAFFORD TRANSPORT OF LOUISIANA d/B/A CUSTOM ECOLOGY INC., and JENNIFER LYLES** (hereinafter "CEI" and/or "Defendants") oppose Plaintiff's Motion to Continue Defendants' Motion for Partial Summary Judgment on Gross Negligence because Plaintiff's own testimony defeats those allegations. No amount of discovery can change Plaintiff's own admission that no one could have predicted what happened to him on April 10, 2020.

## I. RELEVANT FACTS

Plaintiff's own testimony proves the issue of gross negligence is ripe for summary judgment. Despite pleading this cause of action, Plaintiff admitted Defendant Lyles's actions were likely the result of an honest mistake.[1] He does not believe she acted intentionally, he has no information or belief she was an unsafe driver, he has no belief she was in a hurry that day or

[1] Doc 26-3, Ex-A, P193, L2-4.

operated in an unsafe manner, he has no belief she acted "intentionally and with extreme disregard for the safety of people around her."[2] He testified:

Q: Do you believe that Jennifer Lyles could have anticipated what was going to happen to you? Like she knew ahead of time that that trailer door was going to hit you in the face?

A: No. I don't think no one could.[3]

By Plaintiff's own testimony, no one could have anticipated what happened to him on April 10, 2020. Accordingly, no additional discovery can create a genuine issue of material fact regarding this cause of action and the Rule 56(d) Motion to Continue should be denied.

## II. LAW AND ARGUMENT

### *A. Plaintiff's Motion does Not Meet the Requirements of Rule 56(d)*

As a threshold matter, Plaintiff's motion must be denied because Rule 56(d) requires that the party opposing summary judgment show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). "The Fifth Circuit follows Rule 56(d)'s affidavit requirements." *Henry v. Chase Home Finance, LLC*, No,[4] reasoned "regardless of whether [mover] personally believes the affidavit requirement contained in Rule 56(d) is 'redundant,' 'inappropriate,' or 'bureaucratic,' it is what Rule 56 requires." This procedural defect alone justifies denying Plaintiff's motion.[5] In an abundance of caution, however, the substance of Plaintiff's motion is discussed below.

---

[2] Doc 26-3, Ex-A, P190-193.

[3] See Doc 26-3, Exhibit A, P193, L9-13.

[4] H-11-0668, 2013 WL 391160, at *3 (S.D. Tex. Jan. 30, 2013). (citing *Leza v. City of Laredo*, 2012 WL 5295625, at *2 (5th Cir. Oct. 29, 2021).

[5] *Silo Restaurant Inc. v. Allied Prop. and Cas. Ins. Co.*, 420 F.Supp.3d 562, 587 (W.D. Tex. Nov. 12, 2019).

### *B. Plaintiff cannot Contradict his Own Testimony with Additional Discovery*

Plaintiff's rationale to delay summary judgment is that he requires additional discovery to properly defend against the motion. As Plaintiff acknowledges, however, a party seeking to suspend summary judgment "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."[6] Rather, that party must "set forth a plausible basis for believing that specified facts . . . probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[7] It is appropriate to grant summary judgment when "it appears that further discovery will not provide evidence creating a genuine issue of material fact."[8]

Here, Plaintiff's opposition fails to identify "specified facts" that should plausibly exist and explain how those facts, if adduced, "will influence the outcome" of the summary-judgment motion. Rather, Plaintiff simply lists a number of scheduled depositions and summarily states that these depositions will be "critical to Plaintiff's claim for gross negligence." That is not a valid ground for suspending summary judgment.

The closest Plaintiff comes to setting forth any difference-making "specified facts," is that he expects the CEI personnel will provide evidence regarding CEI's policies and procedures. But, he does not explain how the testimony will aid in establishing the essential elements of gross negligence: proving defendants had subjective awareness of an extreme risk yet proceeded with conscious indifference to the safety and welfare of others. [9] More worrisome, Plaintiff fails to explain how any of this discovery will rebut his own testimony: that Lyles's actions were not intentional and that no one could have anticipated what happened to him. For purposes of summary

---

[6] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citations and internal quotation marks omitted).
[7] *Id.* (citations and internal quotation marks omitted).
[8] *Id.* (citations and internal quotation marks omitted).
[9] TEX. CIV. PRAC. & REM. CODE § 41.001(11).

judgment, no CEI policy or lack thereof can remedy Plaintiff conceding there are no facts supporting gross negligence. I.e. this additional discovery cannot "influence the outcome of the pending summary judgment motion."[10]

Finally, Plaintiff fails to indicate how additional time and depositions will create a genuine issue of material fact regarding the independent grounds of negligence alleged against CEI. Plaintiff alleges CEI was grossly negligent in trailer maintenance, training and supervision of Jennifer Lyles and in failing to provide proper equipment to its drivers. A fishing expedition into these issues will not create a genuine issue of material fact regarding CEI's gross negligence when Plaintiff alleges the accident was caused by an isolated and inadvertent mistake by an employee. An isolated mistake by one employee is hardly sufficient to establish training or supervising that amounts to conscious indifference to an extreme risk.[11] This is a misuse of Rule 56(d).[12] Accordingly, Plaintiff's motion must be denied.

## III. CONCLUSION

Plaintiff's motion is procedurally defective because he has provided no affidavit showing why he was unable to obtain information essential to the motion for summary judgment. Moreover, the motion is substantively deficient because he has not explained how the CEI "policies and procedures" he seeks to obtain in discovery can make any difference in the outcome of the summary-judgment motion. Unless Plaintiff intends on changing his prior testimony, any causes of action for gross negligence fail. Accordingly, the Court should deny Plaintiff's motion.

---

[10] *Raby*, 600 F.3d at 561.

[11] *C.f. Porter v. Epps*, 659 F.3d 440, 447 (noting that a pattern of similar constitutional violations by an employee is usually necessary to prove the *employer's* "deliberate indifference" to someone's constitutional rights).

[12] *Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018).

Respectfully submitted:

**TAYLOR, WELLONS, POLITZ & DUHE, APLC**

BY: */s/Jen A. O'Connell*
Jen A. O'Connell (Bar Roll No. 24117193)
Ryan Zumo (Texas Bar Roll No. 24117443)
TAYLOR, WELLONS, POLITZ & DUHE, APLC
4041 Essen Lane, Suite 500
Baton Rouge, Louisiana 70809
Telephone: (225) 387-9888
Facsimile: (225) 387-9886
joconnell@twpdlaw.com
***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Texas by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record in this matter via the electronic filing system. I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 15th day of March, 2021.

*/s/ Jen A. O'Connell*
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**