**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **John Barnett** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 1:20-cv-00280** |
| | § | |
| **Stafford Transport of Louisiana d/b/a** | § | |
| **Custom Ecology Inc** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S FIRST AMENDED RULE 56(d) REQUEST FOR CONTINUANCE TO CONDUCT ADDITIONAL DISCOVERY IN RESPONSE TO DEFENDANT'S PARTIAL NO EVIDENCE MOTION FOR SUMMARY JUDGMENT**

COMES NOW, John Barnett, hereinafter referred to as Plaintiff, and files this First Amended Rule 56(d) Request for Continuance in response to Defendant CEI's (CEI) Partial No Evidence Motion for Summary Judgment and respectfully shows the Court as follows:

## I. Amendment

In its reply to Plaintiff's Rule 56(d) Motion for Continuance, CEI argues that Plaintiff's Motion for Continuance is procedurally defective because it did not contain an affidavit or declaration to justify the requested continuance. The affidavit was not attached by mistake. Plaintiff files this First Amended Motion for the sole purpose of including the affidavit that CEI complains is missing.[1]

## II. Procedural History

1. Plaintiff filed suit in state court in Newton County, Texas on May 11, 2020.

2. Defendant filed a Notice of Removal on June 26, 2020 pursuant to 28 U.S.C. §1332, 1441, and 1446.

[1] Exhibit A – Affidavit in Support of Plaintiff's Rule 56d Motion for Continuance.

3. On August 7, 2020, Plaintiff amended his Complaint to add a diverse Defendant (Jennifer Lyles) who has made an appearance in the case and is being represented by counsel for CEI.

4. The Court entered a scheduling order (Document 17) on September 11, 2020 wherein the discovery deadline was set as June 18, 2021 and the Motion deadline was set as July 16, 2021.

5. CEI filed a Partial No Evidence Motion for Summary Judgment regarding Plaintiff's claim for gross negligence on February 19, 2021 (Document 26).

**III. Argument and Authorities**

6. This case is currently set for a five-day jury trial at a time to be determined by the Court at the Final Status Conference. The Final Status Conference is currently scheduled to take place on June 5, 2020.

7. FEDERAL RULE OF CIVIL PROCEDURE 56(d) indicates that when essential facts are needed to respond to a summary judgment motion, the Court may:

(a) defer considering the motion or deny it;

(b) allow time to obtain affidavits or declarations or to take discovery; or

(c) issue any other appropriate order.[2]

8. Discovery motions under Rule 56(d) are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.[3] The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts. Rather, a request to stay summary judgment under Rule 56 must set forth a plausible basis for believing that specified facts,

[2] Fed. R. C. Proc. 56(d); see also *Miller v. Werner Co.*, 2:10-CV-197-DF, 2011 WL 13217183, at *4–5 (E.D. Tex. July 25, 2011).

[3] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.[4]

9. Stated simply, when the party opposing summary judgment shows (1) specifically how the requested discovery pertains to the pending motion[5] and (2) that it has made diligent efforts to obtain evidence from the moving party, a continuance of a motion for summary judgment for purposes of discovery should be granted **almost as a matter of course**.[6]

10. Here, the parties have been diligent in seeking discovery. Multiple sets of written discovery have been exchanged and is still being supplemented and answered between the parties. Additionally, three depositions have been taken – (1) John Barnett, (2) Kim Barnett, and (3) Jennifer Lyles. (Kim Barnett is John's wife and has no personal knowledge regarding the incident or Plaintiff's gross negligence claim). The following depositions are scheduled and were coordinated with CEI prior to CEI filing its motion for summary judgment:

(a) Joe LaRocca – CEI Regional Manager

(b) Thomas Wallace – CEI Safety Manager

(c) Dirk Lockhart – CEI Regional Vice President

(d) Dirk Lockhart in his capacity as CEI's corporate representative

(e) Cecelia Hoffpauir – Waste Management Employee

(f) John Stanley – Waste Management Employee

(g) Charles Veazie – Waste Management Employee

---

[4] *Id*.

[5] *Holcombe v. Advanced Integration Tech.*, 4:17-CV-522, 2018 WL 4908266, at *2 (E.D. Tex. Oct. 10, 2018); citing *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992).

[6] *Holcombe v. Advanced Integration Tech.*, 4:17-CV-522, 2018 WL 4908266, at *2 (E.D. Tex. Oct. 10, 2018); citing *Castro v. Texas Dept. of Criminal Justice*, 541 F. App'x 374, 377 (5th Cir. 2013) (quoting *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991).

(h) Corey (last name unknown) – Waste Management Employee

11. The CEI depositions are critical to Plaintiff's claim for gross negligence. Gross negligence is statutorily defined in Texas as an act or omission:

(a) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(b) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.[7]

12. Here, Plaintiff must develop evidence that CEI performed an act or omission that involved an extreme degree of risk and that CEI had actual, subjective awareness of the risk involved. To date, Plaintiff has only had the opportunity to take the deposition of one former CEI employee. As stated in paragraph 4 above, there are currently (4) four CEI employee depositions scheduled, including the one person that can speak on behalf of CEI (CEI's corporate representative).

13. Plaintiff's injury (traumatic brain and severe facial injuries) occurred because of CEI's negligent operation of its trailer and tipper. Plaintiff expects evidence regarding CEI's trailer and tipper safety policies, trailer and tipper operation polices, employee training policies and procedures, employee supervision policies and procedures, and how all these policies were or were not implemented at the time of this incident to be developed in the currently noticed CEI depositions.

14. All of these depositions are relevant to Plaintiff's gross negligence claim. Each person is expected to have information regarding this specific incident and the negligent and gross negligent topics outlined above. From them, Plaintiff expects to learn more about CEI's subjective awareness of the risk involved when performing trailer and tipper operations and more about the

[7] TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(11).

indifference shown to Plaintiff's welfare while such was being performed. These individuals have direct oversight over Lyles and her negligent conduct.

## IV. Alternative Argument and Request for Extension to File Substantive Response to CEI's MSJ

15. In the event the Court feels inclined to deny Plaintiff's Rule 56 Motion, Plaintiff respectfully requests that he be afforded a short amount of additional time to file a substantive response to CEI's Motion. As the Court is aware, Plaintiff's counsel has been in a weeklong jury trial in the Honorable Judge's Court that began on Monday, February 22, 2020 and did not end until mid-day on Friday, February 26, 2021. Plaintiff respectfully requests that his response deadline be March 19, 2021 at 5:00 p.m.

## V. Conclusion

19. Plaintiff requests that the Court deny CEI's Partial No Evidence Motion for Summary Judgment without prejudice so that additional discovery can be completed. Alternatively, Plaintiff requests that he be given additional time to file a substantive response to CEI's Motion.

Respectfully submitted,

**THE DAWS LAW FIRM**

/s/ *Malachi Daws*
**MALACHI DAWS**
**JUDSON DAWS**
4055 Dowlen Rd.
Beaumont, TX 77706
P: (409) 838-6000
F: (409) 838-6003
E: mdaws@dawslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Discovery has been forwarded to the following counsel of record on this 15th day of March 2021, pursuant to the FEDERAL RULES OF CIVIL PROCEDURE:

/s/ *Malachi Daws*
**MALACHI DAWS**

**JEN A. O'CONNELL**
4041 Essen Lane, Suite 500
Baton Rouge, Louisiana
70809 Ph.: 225-387-9888
Fax: 225-387-9886
E-Mail: joconnell@twpdlaw.com
**ATTORNEYS FOR STAFFORD TRANSPORT**
**OF LOUISIANA D/B/A CUSTOM ECOLOGY INC.**

*Via Email: joconnell@twpdlaw.com*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on February 16, 2021 the parties complied with the "Meet and Confer" requirement found in Local Rule CV-7(h). Specifically, Judson Daws conferred with Jen O'Connell via telephone regarding this Motion as required by the Local Rules. Opposing counsel is **OPPOSED** to this Motion.

An agreement was not reached because CEI opposes the request. No additional explanation was given. Plaintiff believes that additional discovery is needed to fully develop his claim of gross negligence as outlined above. Discussions have resulted in an impasse leaving an issue for the Court to decide.

*/s/ Malachi Daws*
**Malachi Daws**