**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| JOHN BARNETT,<br><br>Plaintiff,<br><br>*versus*<br><br>STAFFORD TRANSPORT OF LOUISIANA d/b/a/ CUSTOM ECOLOGY INC, and JENNIFER LYLES,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:20-CV-280 |

**MEMORANDUM AND ORDER**

Pending before the court is Defendants Stafford Transport of Louisiana d/b/a Custom Ecology Inc ("CEI") and Jennifer Lyles's ("Lyles") (collectively, "Defendants") Motion for Partial Summary Judgment (#26) wherein Defendants maintain that there is no merit to Plaintiff John Barnett's ("Barnett") gross negligence claims and that they should be dismissed as a matter of law. Barnett filed a Rule 56(d) Request for Continuance to Conduct Additional Discovery (#28). Having reviewed the pending motions, the pleadings, the record, and the applicable law, the court is of the opinion that Defendants' motion should be denied as premature and Barnett's motion should be granted.

I. Background

Barnett claims that on April 10, 2020, he was injured when he attempted to assist Lyles, CEI's employee, with unloading CEI's 18-wheeler dump trailer at the landfill where Barnett worked. Specifically, Barnett asserts that as he attempted to cut a chain that prevented the back door of the trailer from opening, pressure from the debris inside the trailer caused the door to slam open and hit Barnett in the face. Barnett alleges that the blow sent him flying into a ten-foot-deep

hole, where he landed on an air conditioning unit. Defendants claim that summary judgment as to Barnett's gross negligence claims is appropriate because there is no evidence that CEI or Lyles acted in a way that would constitute gross negligence. Barnett opposes Defendants' motions on the grounds that discovery is needed to gather evidence to support his gross negligence claims, specifically, the depositions of various employees of CEI. According to the court's Scheduling Order (#17), the discovery deadline is June 18, 2021, and the motion cut-off is July 16, 2021.

II. Analysis

"[I]n the Fifth Circuit, courts have discretion to deny a motion for summary judgment as premature." *George v. Go Frac, LLC*, No. SA-15-CV-943, 2016 WL 94146, at *2 (W.D. Tex. Jan. 7, 2016); *accord Sewell v. Sewerage & Water Bd. of New Orleans*, 697 F. App'x 288, 291 (5th Cir. 2017); *Prospect Capital Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016); *see* 10A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2717 (4th ed. 2020) ("Deferring a motion is a particularly appropriate step for the court to take if it believes that the summary judgment request is premature."). A motion for summary judgment is premature where "basic discovery has not been completed, particularly when the moving party has exclusive access to the evidence necessary to support the nonmoving party's claims." *Phongsavane v. Potter*, No. CIVASA05CA0219, 2005 WL 1514091, at *5 (W.D. Tex. June 24, 2005); *accord Whitfield v. Miss. Bureau of Narcotics*, No. 3:17CV987-HSO-JCG, 2019 WL 6534144, at *4 (S.D. Miss. Dec. 4, 2019); *George*, 2016 WL 94146, at *2. In other words, "the nonmoving party must have had an opportunity to discover information necessary to its opposition to the summary judgment motion before summary judgment may be granted." *George*, 2016 WL 94146, at *2; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (noting that the grant of

summary judgment is limited until there has been "adequate time for discovery"); *Emery v. Medtronic, Inc.*, 793 F. App'x 293, 296 (5th Cir. 2019).

Additionally, beyond the court's discretionary power, Rule 56(d) of the Federal Rules of Civil Procedure specifically provides that a court may deny a motion for summary judgment when it is deemed premature. Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

FED. R. CIV. P. 56(d); *accord Zeng v. Tex. Tech Univ. Health Sci. Ctr. at El Paso*, 836 F. App'x 203 (5th Cir. 2020); *Emery*, 793 F. App'x at 296; *Wade v. Brennan*, 647 F. App'x 412, 417 (5th Cir. 2016). Nevertheless, the court will evaluate the prematurity of Defendants' motion for partial summary judgment pursuant to its discretionary power to do so. *Thome v. Young Men's Christian Ass'n of Greater Hous. Area*, 786 F. App'x 462, 463 (5th Cir. 2019) ("Discovery matters are entrusted to the sound discretion of the district court."); *Hongo v. Goodwin*, 781 F. App'x 357, 358 (5th Cir. 2019) (holding that even if discovery motions are liberally construed as seeking relief under Rule 56(d), the nonmovant must make a necessary showing that further discovery is necessary to defeat summary judgment).

Here, Barnett alleges that he has not had a sufficient opportunity to discover information necessary to craft his opposition to Defendants' partial summary judgment motion on Barnett's gross negligence claims. Specifically, Barnett highlights eight depositions that have not yet been

taken but are scheduled to take place within the discovery period. Barnett initiated this case in Texas state court on May 11, 2020, and CEI removed it to this court on June 26, 2020. On August 7, 2020, Barnett filed an Amended Complaint (#7). Defendants filed their motion for partial summary judgment on February 19, 2021.

According to the agreed upon scheduling order, the parties have until June 18, 2021, to conduct and complete discovery and July 16, 2021, to submit motions. Thus, Defendants filed their motion for partial summary judgment approximately seventeen weeks before the close of discovery and twenty-one weeks before the court's deadline for all motions, excluding motions in limine. *Compare Maffei v. Dollar Tree Stores, Inc.*, No. 16-369, 2016 WL 6474934, at *3 (E.D. La. Nov. 2, 2016) (considering motion for summary judgment where discovery had been open for "months" and the parties were on the eve of trial), *and Smith v. Runyon*, No. 95-2450, 1996 WL 390444, at *1 (8th Cir. 1996) (affirming grant of summary judgment where discovery had been open for seven months and the motion was filed after the original deadline for discovery had passed), *with Anderson v. McClendon*, No. 5:18-CV-118-KS-MTP, 2019 WL 1371852, at *3 (S.D. Miss. Mar. 26, 2019) (denying motion for summary judgment as premature where there was "still over four months left in the discovery period"), *and Coleman v. Anco Insulations, Inc.*, 196 F. Supp. 3d 608, 611-12 (M.D. La. 2016) (denying as premature a motion for summary judgment that was filed prior to the commencement of formal discovery), *and Maldonado v. McHugh*, No. EP-11-CV-388, 2012 WL 3292419, at *6-7 (W.D. Tex. Aug. 10, 2012) (denying as premature a motion for summary judgment that was filed seven months prior to the close of discovery and eight and a half months before the court's deadline for dispositive motions).

Barnett maintains that he "must develop evidence that CEI performed an act or omission that involved an extreme degree of risk and that CEI had actual, subjective awareness of the risk involved," to support his gross negligence claims. Barnett contends that he cannot make the required showing unless he is allowed to depose additional employees, as well as the corporate representative, of CEI. Under the circumstances, Barnett has established specific reasons he cannot present essential facts to justify his opposition to Defendants' motion at this time. Therefore, the court will afford Barnett the opportunity to complete discovery in accordance with the provisions of the controlling Scheduling Order.

III. Conclusion

In accordance with the foregoing analysis, Defendants' Motion for Partial Summary Judgment (#26) is DENIED as premature and Barnett's Rule 56(d) Request for Continuance to Conduct Additional Discovery (#28) is GRANTED. The parties shall follow the agreed upon deadlines set forth in the Scheduling Order (#17).

SIGNED at Beaumont, Texas, this 12th day of March, 2021.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE