**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **JOHN BARNETT** | * | **CIVIL ACTION NO.: 1:20-CV-280** |
| | * | |
| **VERSUS** | * | **JUDGE: MARCIA A. CRONE** |
| | * | |
| **STAFFORD TRANSPORT OF** | * | |
| **LOUISIANA D/B/A CUSTOM ECOLOGY** | * | |
| **INC., and JENNIFER LYLES** | * | **JURY TRIAL** |

**MOTION TO QUASH PLAINTIFF'S 30(b)(6) DEPOSITION OF CEI'S CORPORATE REPRESENTATIVE, PLAINTIFF'S DEPOSITION OF JOHN ZAMBO, PLAINTIFF'S DEPOSITION OF BUCK SHEFFIELD, AND MOTION FOR PROTECTIVE ORDER**

**Defendants Stafford Transport of Louisiana, Inc., d/b/a Custom Ecology, Inc. and Jennifer Lyles** (hereinafter collectively referred to as "CEI") respectfully request that the Court enter a protective order quashing John Barnett's ("Plaintiff's"): I) subpoena issued to CEI for a Federal Rule of Civil Procedure 30(b)(6) corporate deposition and Fifth Set of Requests for Production to CEI regarding the company's financial standing; II) corporate deposition of CEI regarding the trailer manual and notice of CEI's maintenance manager, Clarence "Buck" Sheffield's deposition, and III) notice of the trial deposition of John Zambo and inclusion of him in supplemental disclosures for the following reasons:

On June 18, 2021, the discovery deadline lapsed in this case. Plaintiff sought to extend the discovery deadline, and the Court granted, in part, Plaintiff's request by allowing Plaintiff "to reopen the depositions of four liability witnesses to question them about the relevant portions of the manual;" receive and disclose certain medical records; have an expert inspect the subject trailer within a reasonable time period; and with regard to supplementing expert reporter, to file motions with regard to the specific expert reports the parties seek to supplement.[1]

[1] *See* July 6, 2021 Minute Entry: Status Conference (Doc. 42).

Despite this Court's extension to accommodate certain discovery, Plaintiff now seeks: **(1)** to conduct an additional 30(b)(6) deposition of a CEI representative on numerous topics; **(2)** an additional CEI employee deposition; **(3)** to depose a "safety engineer" employed by the company who manufactured the trailer in question; and **(4)** additional document discovery from CEI.[2] This untimely discovery largely focuses on two main topics: a trailer manual created and published by third party East Manufacturing Corporation, and CEI's financial information. Neither of these topics arise from new or recently secured information. One of Plaintiff's experts discussed trailer manuals as early as March 2021, this Court specifically addressed the only additional discovery allowed regarding the trailer manual, and Plaintiff has been on notice the trailer latches were broken since his counsel inspected the trailer in June of 2020. As for discovery concerning CEI's financial information, Plaintiff's Petition alleges entitlement to exemplary damages, and nothing prevented Plaintiff from conducting discovery into CEI's financial information before the discovery deadline other than his failure to exercise diligence.[3] "Scheduling orders and their enforcement are regarded as essential in ensuring that cases proceed to trial in a just, efficient, and certain manner."[4] Plaintiff can show no "good cause" for further modifying the scheduling order. Accordingly, CEI respectfully requests that this Court enter of a protective order quashing Plaintiff's untimely discovery requests.

**<u>RELEVANT FACTUAL BACKGROUND</u>**

John Barnett ("Plaintiff"") filed this lawsuit seeking to recover against CEI for injuries he allegedly sustained when he cut a chain securing the door of a refuse trailer manufactured by East

---

[2] Exhibit 1**;** Plaintiff's Fourth Notices of Intention to Take the Oral/Videotaped Deposition of Defendant CEI's Corporate Representative; Exhibit 2, Plaintiff's Fifth Set of Requests for Production to CEI; Exhibit 3, Plaintiff's deposition Notice of CEI employee Clarence "Buck" Sheffield; Exhibit 4, Plaintiff's deposition Notice of John Zambo.

[3] *Ciena Corp. v. Nortel Networks Inc.*, E.D.Tex.2006, 233 F.R.D. 493. (Holding the good cause standard for scheduling order modifications requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet scheduling deadlines.).

[4] *Hernandez v. Mario's Auto Sales, Inc.*, 617 F.Supp.2d 488, 493 (S.D. Tex. 2009).

Manufacturing Corp. Plaintiff filed his Petition for Damages in May of 2020 alleging entitlement to general, special, and exemplary damages.[5]

Throughout the extensive discovery conducted in this matter, the parties have taken approximately 33 depositions, with four additional depositions outstanding. Plaintiff noticed 16 of these depositions, including the Rule 30(b)(6) deposition of CEI's corporate representative, Dirk Lockhart. Plaintiff propounded 95 interrogatories upon Defendant CEI employee Jennifer Lyles and 68 interrogatories upon Defendant CEI. Defendants produced hundreds of documents in response to Plaintiff's requests for production of documents, covering a myriad of topics from employee handbooks to maintenance records to trailer manuals. CEI produced the title to the subject trailer and its registration in the fall of 2020. Plaintiff also inspected CEI's trailer in June of 2020 and July of 2021. The brand and the make of the subject trailer is clearly visible to anyone who inspected the trailer, and in March 2021, Plaintiff's own retained expert produced an expert report using an East Manufacturing Corporation trailer manual.

The original discovery deadline was June 18, 2021, but Plaintiff requested a voluminous amount of additional discovery beyond that point. This Court held a hearing on July 6, 2021 to discuss pending motions related to the original discovery deadline of June 18, 2021 and corresponding scheduling order. As reflected in this Court's Minute Entry (#42) and Amended Scheduling Order (#44), Plaintiff requested an extension of all deadlines to accommodate an extension to the discovery deadline. This Court allowed Plaintiff to reopen four CEI employee depositions to question them specifically about "the subject-trailer manufacturer's 'Operation and Service Manual.'"[6] Plaintiff was further allowed "to take the unscheduled depositions of five medical providers, receive and disclose the medical records, and have an expert inspect the subject

[5] Notice of Removal (Doc. 1-1)
[6] July 6, 2021 Minute Entry: Status Conference (Doc. 42).

trailer within a reasonable time period."[7] Beyond these allowances, Plaintiff's requests for additional discovery were denied.[8] This Court issued the Amended Scheduling Order (#44) to declare, with respect to the new September 30, 2021 discovery cutoff, that "DISCOVERY, *as outlined at the July 6, 2021, Status Conference, and reflected in the Minute Entry (#42)*, shall be completed by this date."[9]

In accordance with this Court's order allowing for four CEI employees to be again deposed regarding the "Operation and Service Manual," Plaintiff reopened the depositions of CEI employees, Dirk Lockhart, Jennifer Lyles, Thomas Wallace, and Joe Larocca on August 11, 2021.[10] Approximately three weeks later—and in spite of the expansive discovery allowed past the discovery cutoff—Plaintiff now requests even more discovery. On August 24, 2021, Plaintiff sent correspondence and a draft "Notice of Intention to take the Deposition of CEI's Corporate Representative(s)," in order to question a CEI representative on the following topics:

1. The current net worth of CEI.
2. CEI balance sheets, financial statements, ledgers, statements of income, federal tax returns, profit and loss statements, and statements of cash flow from January 1, 2020 to the present.
3. The East Trailer Operation and Service Manual, including:
   a. How it was received;
   b. When it was received;
   c. Who received it;
   d. Where it was maintained;
   e. How it was used by CEI in the operation and maintenance of East trailers;
   f. Any decisions by CEI on how it would be used; and
   g. Its contents.[11]

---

[7] *Id.*
[8] *Id.*
[9] Amended Scheduling Order (Doc. 44) (emphasis added).
[10] *See* Exhibit 5, Plaintiff's deposition Notice of Dick Lockhart for August 11, 2021; Exhibit 6, Plaintiff's deposition Notice of Jennifer Lyles for August 11, 2021; Exhibit 7, Plaintiff's deposition Notice of Thomas Wallace for August 11, 2021; Exhibit 8, Plaintiff's deposition Notice of Joe Larocca for August 11, 2021.
[11] Exhibit 9, August 24, 2021 Email correspondence. *See also* Exhibit 1, Plaintiff's Fourth Notices of Intention to Take the Oral/Videotaped Deposition of Defendant CEI's Corporate Representative.

On August 30, 2021, Plaintiff issued a deposition notice of the CEI Corporate Representative to occur on those topics on September 17, 2021.[12] Notably, this Court already addressed additional discovery regarding the Trailer Operation and Service Manual, which Plaintiff completed when re-deposing the four CEI employees on August 11, 2021. Three weeks after the completion of the depositions, Plaintiff inexplicably seeks to question NOW EVEN MORE additional CEI employees about a document CEI neither authored nor contributed to.

In addition to intending to depose a corporate representative regarding CEI's net worth, Plaintiff also issued a "Fifth Set of Requests for Production" to CEI on August 24, 2021.[13] The Requests for Production seek CEI's balance sheets, financial statements, ledgers, statements of income, federal tax returns, profit and loss statements, and statements of cash flow—information sought well beyond the deadline based on information and allegations Plaintiff has known since he filed suit.

Next, Plaintiff also requested available dates to notice the deposition of CEI employee Clarence "Buck" Sheffield in his personal capacity and issued a notice for his deposition.[14] Mr. Sheffield has been listed as a potential trial witness in CEI's Rule 26 disclosures since April 26, 2021, and numerous CEI employees mentioned Sheffield during their depositions as early as March 16, 2021.[15] Plaintiff did not move to take Sheffield's deposition during the discovery period and though knew about this witness failed to request this deposition in the July 6, 2021 hearing. After failing to secure information Plaintiff hoped would support his liability theories, he seeks additional fishing expeditions of CEI employees. Again, these untimely attempts at discovery seek to question more CEI representatives about a document CEI neither authored nor contributed to.

---

[12] Exhibit 1.
[13] Exhibit 2, Plaintiff's Fifth Set of Requests for Production to CEI.
[14] Exhibit 9. *See also* Exhibit 3.
[15] Exhibit 10: Excerpt of Defendants' April 26, 2021 Supplemental Rule 26 disclosures at 2 ("Page 3 of 13"). *See also* Exhibit 11, Excerpt of March 16, 2021 Rule 30(b)(6) Deposition Transcript of CEI's Corporate representative at 11-12 (79:22-80:7).

In addition to the untimely and excessive discovery requests above, Plaintiff also amended his disclosures on August 6, 2021 to include a representative of East Trailer Manufacturing as NEW witness. The disclosure only listed the following information:

> **FIFTH SUPPLEMENTATION:**
> **Various agents, employees, and representatives working for or at**
> **East Manufacturing Corporation**
> **1871 OH-44**
> **Randolph, Ohio, 44265**
> ***Trailer Manufacturer***[16]

Three weeks later, on August 27, 2021, Plaintiff sent email correspondence advising of Plaintiff's intention to depose John Zambo, who Plaintiffs indicated was a "safety engineer at East."[17] Plaintiff acknowledged this individual was not included in his Rule 26 disclosures at that point, but would "update our disclosure early next week to include him."[18] Plaintiff did not bother to request an extension of the scheduling order to name additional witnesses, to conduct additional discovery, or to depose an East representative who works as a "safety engineer" and who will no doubt proffer additional expert testimony that should have been disclosed **months ago** in conjunction with Plaintiff's March 26, 2021 expert deadline, which the parties previously agreed upon and submitted in conjunction with their Rule 26 report.[19]

Plaintiff has provided no substantive information to Defendants regarding the expected testimony of Mr. Zambo beyond that "he is a safety engineer at East." Disclosure of this new witness not only violates the Court's scheduling order, but fails to provide Defendants any adequate information regarding the parameters of his testimony so Defendants can properly prepare for the

---

[16] Exhibit 12, Excerpt of Plaintiff's Fifth Amended Disclosures at 4.

[17] Exhibit 13, August 27, 2021 Email Correspondence at 2. In addition to the fact that Mr. Zambo should not be deposed in this matter and should not be allowed to testify in this matter, Plaintiff proposed deposition dates of either September 8th or September 15th, neither of which are dates available to Ms. O'Connell. *Id* at 1. And while Plaintiff indicated a willingness to work with Defense counsel on the dates and that Plaintiff's counsel is using the dates as place holders, Plaintiff nevertheless noticed this deposition and one other deposition on those dates. *See* Exhibit 4. Given the voluminous discovery, documents and deposition transcripts along with the unique facts of this case and Ms. O'Connell unique and detailed familiarity with the facts of this case, it is not possible for other counsel to handle this deposition.

[18] *See* Exhibit 13 at 2.

[19] *Compare* Doc. 9, Report of Rule 26(f) Planning Meeting at 4 *with* Doc. 17, September 11, 2020 Scheduling Order.

same. In fact, Plaintiff has also not even bothered to provide Mr. Zambo's contact information as required by Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure.[20] Again, as a "safety engineer," Plaintiffs no doubt intend to present Zambo as a proffered expert in this subject matter: a clear violation of the scheduling order, well past expert discovery deadlines and a clear violation of Defendants procedural due process rights.

As these requests are far beyond the additional "discovery, *as outlined at the July 6, 2021, Status Conference, and reflected in the Minute Entry (#42)*," Plaintiff's attempts to conduct this discovery should be quashed.

## LAW AND ARGUMENT

Plaintiff seeks irrelevant and duplicative discovery 67 days after the discovery period lapsed. "The purpose of a scheduling order is to allow the district court to control and expedite pretrial discovery matters."[21] Plaintiff failed to exercise diligence for purposes of Federal Rule of Civil Procedure 16(b), and CEI should be entitled to a protective order quashing Plaintiff's untimely discovery requests and attempt at additional discovery outside of the scope of the Court's prior ruling.[22]

### I. This Court outlined the parameters of additional discovery regarding the Trailer Operation and Service Manual, thus Plaintiff's attempts to exceed these limits for a more favorable result should be denied.

By requesting further depositions of CEI employees/corporate representatives regarding East Manufacturing Corporation's "Operation and Service Manual," Plaintiff seeks *three* bites of the apple. Plaintiff first deposed CEI employees Jennifer Lyles, Thomas Wallace, Joe LaRocca, and Dirk Lockhart between December 2020 and June 2021. Notably, Dirk Lockhart appeared for a Rule

---

[20] Exhibit 12.

[21] *Hernandez v. Mario's Auto Sales, Inc.*, 617 F.Supp.2d 488, 493 (S.D. Tex. 2009) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir.1990)).

[22] *StoneCoat of Texas, LLC v. ProCal Stone Design, LLC*, 4:17CV303, 2019 WL 9901442, at *7 (E.D. Tex. Sept. 9, 2019).

30(b)(6) deposition as corporate representative for CEI and was also deposed in his personal capacity on March 16, 2021. Thereafter, Plaintiff sought to reopen the CEI employees' depositions to ask additional questions regarding the "Operation and Service Manual." Per this Court's Minute Entry (#42), Plaintiff was allowed "to reopen the depositions of four liability witnesses to question them about the relevant portions of the manual." Plaintiff noticed the depositions of Jennifer Lyles, Thomas Wallace, Joe LaRocca, and Dirk Lockhart in their personal capacity—not as corporate representatives—for August 11, 2021.[23] Each CEI employee was deposed a second time as to the "Operation and Service Manual" on that date. Plaintiff also deposed CEI's maintenance manager, Daniel Gimnick regarding the trailer manual on August 18, 2021.[24] Now, three weeks later, Plaintiff is seeking a third round of depositions regarding the "Operation and Service Manual," has noticed a Rule 30(b)(6) deposition of a CEI corporate representative specifically regarding the "Operation and Service Manual," and noticed the deposition of CEI employee Buck Sheffield.[25]

These requests are plainly beyond the additional four discovery depositions specifically outlined by this Court, and would require, if allowed, a further modification and delay of the current scheduling order. Trailer maintenance and the latching system is irrelevant to the subject accident, because there is no evidence any improper maintenance of the trailer caused the subject accident. Instead, Defendant Lyles indicated she must have forgotten to completely unhook the chain on April 10, 2020.[26] Plaintiff similarly claimed in his deposition he believes this resulted from an honest mistake on the part of Defendant Lyles.[27] No further discovery on this issue will change this fact. Attempting to delve into trailer maintenance and proper latching techniques is a last ditch red-herring effort to try and create liability where none exists. While Plaintiff may argue he did not

---

[23] *See* Exhibits 5-8, Notice of Depositions for August 11, 2021.
[24] Exhibit 14, Notice of Deposition of CEI employee, Dan Gimnick.
[25] Plaintiff's counsel was told that lead Counsel for CEI was unavailable on September 15, 2021, and despite being so told, still noticed the deposition on that date. *See* Exhibit 13.
[26] *See* Exhibit 15, Excerpt of Deposition Transcript of Jennifer Lyles at 5-6 (181:13-182:10).
[27] *See* Exhibit 16, Excerpt of Deposition Transcript of John Barnett at 4 (194:8-194:10).

receive the information he was hoping for when deposing the four "liability witnesses" for a second time on August 11, 2021, fishing expeditions are not a sufficient ground for requesting further discovery outside of Court-imposed deadlines under Federal Rule of Civil Procedure 16(b).

Moreover, Plaintiff has already deposed 16 witnesses in this matter. In addition to running afoul of the scheduling order, Plaintiff's request runs afoul of Federal Rule of Civil Procedure 30(a)(2). In accordance with Rule 30(a)(2), "a party must obtain leave of court, and the court must grant leave of court" when "the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs." Per the advisory committee's explanation of the 1993 amendment to Rule 30(a)(2)(A):

> One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties. . . . Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with those same principles. Consideration should ordinarily be given . . .at the time of a scheduling conference under Rule 16(b) as to enlargements or reductions in the number of depositions, ***eliminating the need for special motions***.[28]

The advisory committee's notes on Rule 30(a) highlight the egregiousness of Plaintiff's endless quest to support his case theories. Plaintiff has already deposed CEI's witnesses twice, with four depositions specifically focusing on the "Operation and Service Manual," and he has already taken a corporate representative deposition.

Plaintiff's failure to ask the right questions or properly raise his additional discovery requests before this Court in a timely fashion is not a sufficient ground for allowing additional discovery past the deadline. Rule 30(a)(2) was designed to negate the need for motions such as this one. Plaintiff has received an ample opportunity to question CEI regarding the subject trailer, and Buck Sheffield has been disclosed as a relevant witness as early as March of 2021. Plaintiff has not

[28] FED. R. CIV. P. 30(a)(2)(A) advisory committee's note to 1993 amendment (emphasis added).

exercised the diligence warranting a 34th or 35th deposition, which would require yet another extension of the discovery deadline set by this Court.

## II. Allowing the deposition of an East Trailer Manufacturing safety engineer violates Defendants procedural due process rights and its ability to properly defend itself.

Plaintiff further requests to take the deposition of a "safety engineer" for East Manufacturing Corporation, John Zambo. Plaintiff will undoubtedly seek to present this "safety engineer" as both an expert and a witness providing expert testimony disguised as "factual" regarding design and usage issues concerning the East trailer involved in Mr. Barnett's accident. As Plaintiff has long been aware of the make and model of the trailer, and the status of the trailer latches, Plaintiff's untimely disclosure is completely inexcusable. The undisputed facts relevant to this issue are:

- Plaintiff's counsel inspected the trailer in June of 2020, and the photographs clearly depict physically observable broken trailer latches ("dogs") along with the make and model of the trailer.
- Plaintiff deposed CEI witnesses Thomas Wallace and Dirk Lockhart on March 16, 2021 (the original time) during which the broken trailer latches ("dogs") were discussed;[29]
- Plaintiff produced an expert report dated March 22, 2021, wherein his expert produced an East Trailer Manufacturing trailer manual and claimed, among other things, that "The original gate latching mechanism provided by East Trailer Manufacturing, … was broken and thus was defective as a means to latch the end gate of the trailer."[30]
- There is no rational dispute Lyles could not have re-engaged the trailer latches prior to Plaintiff cutting the chains. Once the door was bulging out, re-engaging the latches is not possible. Plaintiff's own expert report discusses the broken latches but fails to make even a cursory statement about whether, or how, broken latches contributed to the accident. The omission is because the latches are completely irrelevant;
- On June 18, 2021, CEI produced the trailer manual provided by East Manufacturing with its trailers. Plaintiff had only recently requested CEI's own manual, which was substantially similar to the refuse trailer manual produced by Plaintiff's expert;

---

[29] Exhibit 11 at 7-10 (7021-73:8); *See also* Exhibit 17, Excerpt of Deposition Transcript Thomas Wallace (March 16, 2021) at 6-15.

[30] *See, e.g.,* Exhibit 18, Excerpt of Report of Thomas Truss. Defendants reserve all rights to object to the reliability and admissibility of the opinions and methodology of this proffered expert.

- August 6, 2021, Plaintiff's Fifth Amended Disclosers name East Manufacturing representative generally;[31]
- August 11, 2021, Plaintiff re-deposed four CEI employees regarding the trailer manual;[32]
- August 27, 2021, Plaintiff voiced the intent to depose John Zambo, who Plaintiffs indicated was a "safety engineer at East" but provided no substantive information regarding his proffered testimony, the witness's contact information or any correspondence with this witness.[33]

The Court should not be persuaded by Plaintiff's anticipated arguments that his late disclosures of East Manufacturing Corporation and John Zambo are somehow the result of any purported actions of inactions on the part of CEI. Plaintiff knew the trailer was manufactured by East since at least June 2020, when he first inspected it:









[31] Exhibit 12.
[32] Exhibit 5, Exhibit 6, Exhibit 7, Exhibit 8.
[33] Exhibit 13.

Again, Plaintiff questioned CEI witnesses concerning the trailer, chains, and latches at their depositions, and the March 22, 2021 report of one of Plaintiff's proffered expert witnesses also focused extensively on the East Manufacturing Corporation trailer.[34]

Defendants conducted discovery and made decisions concerning expert witnesses based on the witnesses Plaintiff designated. Plaintiff did not timely disclose East Manufacturing or John Zambo, and Defendants' expert witness designation deadline has long since passed (as has the Plaintiff's expert witness deadline). To allow the Plaintiff to add another technical witness to this case who works as a "safety engineer" for the trailer manufacturer unfairly prejudices the Defendants in a number of ways, including but not limited to that:

1. Defendants' expert witness designation deadline has long since passed;
2. Even if Defendants were allowed to designate a rebuttal witness, there is insufficient time to locate and present such a witness;
3. Defendants should not be required to incur the additional expense associated with preparing for additional discovery concerning a witness who was not timely disclosed in accordance with the Federal Rules of Civil Procedure and is irrelevant to the occurrence of the subject accident; and
4. Defendants should not be required to incur the additional time and expense associated with the pretrial workup associated with this deposition (and the others Plaintiffs continue to request) If the Court allows this irrelevant and untimely designated trial deposition, all deadlines must be extended to allow Defendants to seek additional expert discovery.

Efforts by Plaintiff's anticipated opposition to argue CEI somehow "covered up" or "withheld" information leading to this 11th hour attempt at even more discovery are completely irreconcilable with the undisputed fact that Plaintiff has known for over a year the identity of the trailer manufacturer, and nothing prevented Plaintiff from communicating with East Manufacturing Corporation and John Zambo (communications that have not, to date, been disclosed) as Plaintiff has apparently already done in causing Plaintiff to "think his testimony will help clear up some things about the trailer." Importantly, Plaintiff has still not, as of the time of the filing of this

[34] *See, e.g.,* Exhibit 11 at 7-10 (7021-73:8); Exhibit 17 at 6-15; Exhibit 18.

motion, disclosed those "things." Accordingly, the deposition of Mr. Zambo should be quashed and no representative of East Trailer Manufacturing should be allowed to testify at trial.

## III. Plaintiff's untimely request for CEI's financial information is caused by nothing other than a lack of diligence in conducting discovery.

The inexcusable delay in Plaintiff's discovery requests is further evidenced by his desire to discover CEI's financial information for the first time now, despite having pled entitlement to exemplary damages in his Petition. Plaintiff seeks to depose a corporate representative of CEI regarding the company's net worth and requests copies of CEI's balance sheets, financial statements, ledgers, statements of income, federal tax returns, profit and loss statements, and statements of cash flow from January 1, 2020 to the present. If Plaintiff's proposed discovery of CEI's assets is prompted by his hope of recovering an excess judgment, Plaintiff's discovery requests can be the subject of discovery authorized by Rule 69, if the circumstances warrant. Importantly, CEI produced its insurance policy reflecting the available policy limits on September 29, 2020.[35]

If, however, Plaintiff seeks this information because he intends to assert a punitive damages claim at trial, the requests are both untimely and overly broad. Plaintiff requests disclosure of "a variety of sensitive information that is otherwise unnecessary."[36] To evaluate a punitive damages claim, the plaintiffs in *Vine v. PLS Fin. Servs., Inc.*, timely requested that the defendants produce documentation regarding the defendants' net worth, "including tax returns, income statements, SEC filings, audits, and financial statements."[37] This Court denied the plaintiffs' requests, finding "no reason why [the defendants] must disclose a plethora of financial documentation when Plaintiffs are merely attempting to ascertain each defendant's net worth."[38] Documents such as tax returns, "are

[35] Exhibit 19, Excerpt of CEI's responses to Plaintiff's First Set of Requests for Production of Documents.
[36] *Vine v. PLS Fin. Servs., Inc.*, 4:18-CV-00450, 2020 WL 408983, at *8 (E.D. Tex. Jan. 24, 2020).
[37] *Id.*
[38] *Id.*

highly sensitive documents, and courts are reluctant to order their routine disclosure as part of discovery."[39]

Here, Plaintiff not only seeks documents that are "highly sensitive" and unnecessary, but his overall request for financial information is untimely as well. Plaintiff asserted a punitive damages claim when he filed this lawsuit, yet he failed to request any information regarding CEI's net worth until 67 days after the discovery deadline. Plaintiff did not question CEI's corporate representative Dirk Lockhart as to this information during his March 16, 2021 deposition, nor did he propound any written discovery requests to obtain this information prior to the discovery deadline. Lack of diligence on the part of Plaintiff does not meet the "good cause" standard for scheduling order modifications, and Plaintiff should be precluded from seeking this information for the first time now.[40]

**CONCLUSION**

Plaintiff's untimely discovery regarding the subject trailer's "Operation and Service Manual" and financial information are plainly outside the scope of the specific additional discovery allowed by this Court past the discovery deadline. Plaintiff's requests are merely an attempt to gather more favorable testimony on the "Operation and Service Manual" via a third round of depositions of CEI's employees. CEI's position regarding the manual will not change regardless of how many employees Plaintiff deposes. Furthermore, Plaintiff has no excuse for waiting until months after the discovery deadline lapsed to request CEI's financial information for the first time. Accordingly, Defendants respectfully request that the Court enter a protective order quashing Plaintiff's: 1) subpoena and deposition notice issued to CEI for a Rule 30(b)(6) deposition, 2) Fifth Set of Requests for Production to CEI, 3) notice of CEI employee Clarence "Buck" Sheffield's

---

[39] *Id.* at *7.
[40] *Ciena Corp. v. Nortel Networks Inc.*, 233 F.R.D. 493, 494 (E.D. Tex. 2006).

deposition; 4) notice of the deposition of John Zambo, and such other and further relief to which Defendants show themselves to be entitled.

Respectfully submitted,

**MEHAFFYWEBER, P.C.**

*/s/ Barbara J. Barron*
Barbara J. Barron
State Bar No. 01817250
P.O. Box 16
Beaumont, Texas 77704
Telephone: 409/835-5011
Telecopier: 409/835-5177
barbarabarron@mehaffyweber.com
***Attorney for Defendant, Stafford Transport of Louisiana, Inc. d/b/a CEI and Jennifer Lyles***

***-- and --***

**TAYLOR, WELLONS, POLITZ & DUHE, APLC**
Jen A. O'Connell (Texas Bar Roll No. 24117193)
4041 Essen Lane, Suite 500
Baton Rouge, LA 70809
Telephone: 225-387-9888
Fax: 225-387-9886
joconnell@twpdlaw.com
***Attorney for Defendant, Stafford Transport of Louisiana, Inc. d/b/a CEI and Jennifer Lyles***

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on August 31, 2021.

*/s/ Barbara J. Barron*
Barbara J. Barron

## CERTIFICATE OF CONFERENCE

This is to certify that Defense counsel and Plaintiff's counsel have met and conferred concerning the discovery sought at issue in this motion and the parties are opposed, necessitating Court intervention.

*/s/ Barbara J. Barron*
Barbara J. Barron